## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **JEFFREY P. HOULIK, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 14-1101-KHV** |
| **SANTANDER CONSUMER, USA, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On December 20, 2012, Jeffrey P. Houlik and Charla L. Houlik filed suit against Santander

Consumer, USA, Inc. and National Recovery Agency, LLC in the District Court of Sedgwick

County, Kansas, seeking damages for wrongful repossession of a pickup truck. See Petition,

Exhibit 3 to Defendant's Notice Of Removal (Doc. #1). On April 3, 2014, Santander removed the

case to this Court, asserting diversity jurisdiction under 28 U.S.C. §1332. Defendant's Notice Of

Removal (Doc. #1). On  April 4, 2014, plaintiffs filed a Motion For Remand And Request For

Emergency Hearing (Doc. #5). On April 7, 2014, the Court overruled plaintiffs' request for an

emergency hearing. This matter thus comes before the Court on plaintiffs' motion for remand. For

reasons set forth below, the Court finds that the motion to remand should be sustained.

### Facts

Plaintiffs' state court petition alleges as follows.

Plaintiffs are residents of Kansas. Santander is an Illinois corporation with its principal place

of business in North Richland Hill, Texas. National Recovery is a Kansas limited liability company.

On February 28, 2006, plaintiffs purchased a pickup truck with financing from CitiFinancial

Auto Corporation. In September of 2010, CitiFinancial assigned its interest in the pickup to

Santander.

On December 27, 2010, Santander hired National Recovery to repossess the pickup after it erroneously concluded that plaintiffs had defaulted on their loan.  An agent of National Recovery physically accosted Mr. Houlik and drove off with the truck even though Mr. Houlik told them that he had stored his tools in the truck.

Although plaintiffs demanded that Santander return the illegally seized pickup, it held the truck for 80 days.  When it returned the truck, all of plaintiffs' tools were gone.  As a result, plaintiffs lost personal property, work opportunities and use of the truck and incurred attorney fees to recover the truck.

Santander engaged in a deceptive practice under the Kansas Consumer Protection Act ("KCPA") when it wrongfully continued to hold the truck.  Plaintiffs are entitled to civil penalties and attorney fees under the KCPA.  Plaintiffs seek judgment in excess of $75,000 plus costs and any other relief which the Court deems just or equitable.  Petition (Doc. #1-3).

On January 20, 2013,  plaintiffs served the state court petition on National Recovery. National Recovery has not filed an answer or otherwise appeared in the state court action or in this removed action.  Plaintiffs have not conducted any discovery as to National Recovery.  Santander has appeared and defended this matter.

On March 10, 2014, the state court entered an Agreed Pretrial Conference Order ("Pretrial Order").  The section on "Plaintiffs' Contentions And Theory Of Recovery" essentially echos their petition, asserting in part as follows:

> In spite of the fact that the defendants knew that the pickup payments were current and that the pickup had been illegally seized, the defendants continued to hold the pickup for 80 days after the illegal conversion.
>                                     * * *

-2-

As a result of the defendants' conduct, the plaintiffs incurred attorney fees to regain the truck, lost work opportunities, lost personal property, and loss of use of the vehicle.  The plaintiff is a consumer under the Kansas Consumer Protection Act.  Santander is a supplier under the same act.  The defendant's conduct in wrongfully continuing to hold property it knew had been illegally converted is a deceptive act practice under the Kansas Consumer Protection Act.  As such, the plaintiffs are entitled to civil penalties and their attorney fees under the statute.

Pretrial Order (Doc. #4-1) at 43-44.

On an unspecified date, in response to Santander's Kansas Supreme Court Rule 118 Request For Actual Amount Of Monetary Damages, plaintiffs stated that they sought actual damages of $69,271.98.  In the Pretrial Order filed March 10, 2104, plaintiffs sought damages of $74,001.98 plus attorney fees.  Doc. #4-1 at 44.  On March 21, 2014, the state court sustained plaintiffs' motion to amend to assert punitive damage claims.  On April 3, 2014, Santander filed its notice of removal (Doc. #1).

### Legal Standards

A district court has original jurisdiction over civil actions in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).  A defendant may remove any state court civil action if a federal court has original jurisdiction over the claim.  28 U.S.C. § 1441(a).  Removal based on diversity jurisdiction is not proper "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  Id. § 1441(b)(2).

A defendant seeking to remove an action based on diversity jurisdiction must satisfy two time requirements.  First, defendant must file a notice of removal within 30 days of receipt of a pleading, motion, order or "other paper" from which it is ascertainable that the action is removable.[1]

---

[1]    28 U.S.C. § 1446(b)(3) provides as follows:

(continued...)

See 28 U.S.C. § 1446(b)(1), (3); see Lowery v. Ala. Power Co., 483 F.3d 1184, 1215 n.63 (11th Cir. 2007) (document must contain "unambiguous statement that clearly establishes federal jurisdiction"). Second, to remove an action that was not initially removable but later becomes removable, defendant must file the notice of removal no "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c).

In addition to lack of subject matter jurisdiction, defects in the removal procedure are grounds for remand. See 28 U.S.C. § 1447(c); Henderson v. Holmes, 920 F. Supp. 1184, 1186 (D. Kan. 1996). Procedural defects include a deficient or untimely notice of removal, or any failure to comply with the procedural requirements of Section 1446(b). Id.

Here, defendant relies upon the general removal statute, 28 U.S.C. § 1441(a,) as the sole basis for removal. Accordingly, "all defendants who have been properly joined and served must join in or consent to the removal of the action" within the 30-day period defined in Section 1446(b)(1). Henderson, 920 F. Supp. at 1187 (quoting 28 U.S.C. §§ 1446(b)(2)(A)) (removal that does not meet unanimity requirement is procedurally defective and fails). To join a notice of removal, each defendant must "independently and unambiguously file notice of its consent and its intent to join in the removal within the thirty-day period." Wakefield v. Olcott, 983 F. Supp. 1018, 1021 (D. Kan. 1997); see Henderson, 920 F. Supp. at 1186.

---

[1](...continued)
[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

The unanimity rule does not apply where "nominal, unknown, unserved or fraudulently joined defendants" do not join or consent to removal. McShares, Inc. v. Barry, 979 F. Supp. 1338, 1342 (D. Kan. 1997); see also Dodson Aviation, Inc. v. HLMP Aviation Corp., No. 08-4102-EFM, 2009 WL 1036123, at *2-3 (D. Kan. Feb. 12, 2009) (denying motion to remand where nominal defendant failed to join or consent to removal). This exception effectively permits a district court in a removed action to disregard the citizenship of certain nondiverse defendants, assume jurisdiction over the case, dismiss the nondiverse defendants and thereby retain jurisdiction. See Kan. State Univ. v. Prince, 673 F. Supp.2d 1287, 1294 (D. Kan. 2009). Where removal is based on an allegation of fraudulent joinder, defendant must demonstrate that plaintiff cannot establish a cause of action against the joined party in state court. See Montano v. Allstate Indem., No. 99-2225, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000) (burden of showing fraudulent joinder "particularly heavy").

The Court strictly construes removal statutes and resolves all doubts in favor of remand. See Ortiz v. Biscanin, 190 F. Supp.2d 1237, 1241 (D. Kan. 2002); Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995). The removing party bears the burden to show that it properly removed the action. McPhail v. Deere & Co., 529 F.3d 947, 953 (10th Cir. 2008).

**Analysis**

Plaintiffs assert that the Court must remand for lack of complete diversity because plaintiffs and National Recovery are all Kansas residents, see 28 U.S.C. § 1332(a), and in the alternative, because Santander did not file a timely notice of removal under 28 U.S.C. § 1446(c). Santander responds that the Court has diversity jurisdiction because plaintiffs have abandoned their claims against National Recovery, or because National Recovery is a nominal defendant which the Court

-5-

must ignore for purposes of diversity jurisdiction.  Santander contends that it timely removed the case because it filed the notice of removal within 30 days after receiving a pleading from which it could first ascertain that the case was removable.  Moreover, Santander asserts that plaintiffs acted in bad faith to prevent removal and that the one year time-limit for removal does not apply.

Diversity Jurisdiction

Santander asserts that the Court has diversity jurisdiction because the amount in controversy is over $75,000 and (1) plaintiffs have abandoned any claims against National Recovery, the non-diverse defendant; or 2) National Recovery is a nominal defendant.

Santander first contends that the Pretrial Order does not set out any claims against National Recovery.[2]  Santander relies on the concluding paragraph of "Plaintiffs' Contentions and Theory of Recovery," in the Pretrial Order, which provides as follows:

> As a result of the defendants' conduct, the plaintiffs incurred attorney fees to regain the truck, lost work opportunities, lost personal property, and loss of use of the vehicle.  The plaintiff is a consumer under the Kansas Consumer Protection Act. Santander is a supplier under the same act.  The defendant's conduct in wrongfully continuing to hold property it knew had been illegally converted is a deceptive act practice under the Kansas Consumer Protection Act.  As such, the plaintiffs are entitled to civil penalties and their attorney fees under the statute.

Pretrial Order (Doc. #4-1) at 44.  Santander asserts that this paragraph asserts a KCPA claim against Santander, and not against National Recovery.  The Court agrees.  The paragraph can also be read, however, to assert a claim for conversion as to both Santander and National Recovery.  See id. ("As a result of the *defendants'* conduct, the plaintiffs incurred attorney fees to regain the truck, lost work opportunities, lost personal property, and loss of use of the vehicle") (emphasis added).  Further,

---

[2]        Santander points out that plaintiffs have conducted no discovery as to National Recovery.

"Plaintiffs' Contentions And Theory Of Recovery" include allegations as to both defendants, as follows:

> (1) "In spite of the fact that the *defendants* knew that the pickup payments were current and that the pickup had been illegally seized, the *defendants* continued to hold the pickup for 80 days after the illegal conversion."
> (2) "As a result of the *defendants'* conduct, the plaintiffs incurred attorney fees to regain the truck, lost work opportunities, lost personal property, and loss of use of the vehicle."

Pretrial Order (Doc. #4-1) (emphasis added).  The Court finds that the Pretrial Order – which admittedly is not a model of clarity – contains claims against National Recovery.

In support of its assertion that plaintiffs have abandoned their claims against National Recovery, Santander points out that plaintiffs could have filed a motion for default judgment 30 days after they served National Recovery on January 10, 2014, but that they have not done so.  See Kan. Stat. Ann. § 60-255.  Plaintiffs respond that they intend to seek default judgment and that for the following reasons, their counsel routinely waits until after trial before requesting a default judgment:

> It makes no sense, either in terms of expense to the client or judicial economy to take a default judgment in a multiparty case when one party defaults because of the unique nature of Kansas law on pleading damages when the plaintiff seeks in excess of $75,000.  The procedure for taking a default judgment under Kansas Supreme Court Rule 118 is not simply filing a journal entry.  In this case, the plaintiffs sought damages in excess of $75,000.  Accordingly, to take a default judgment the defaulting  party must be noticed up for a hearing and the plaintiff must satisfy the Court as to the nature and extent of its damages.  The undersigned finds it much easier, not to mention conserving client and the Court's resources, to send the defaulting party a notice of the jury trial setting with the other non-defaulting defendants and inviting them to attend and participate.  In this way, the requirements of Rule 118 are met and a separate hearing is not required.

Reply To Defendant's Response To Plaintiffs' Motion To Remand (Doc. #12) filed May 9, 2014. The Court finds that this explanation is reasonable.  Santander has not shown that plaintiffs have abandoned their claims against National Recovery, which remains a party in this case.

-7-

In the alternative, Santander asserts that National Recovery is not a real party in interest and that in determining diversity jurisdiction the Court should therefore disregard it. To show that defendant is nominal or that joinder is fraudulent, Santander must show that plaintiffs have no possibility of establishing a cause of action against National Recovery in state court. See Montano v. Allstate Indem., No. 99-2225, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000). As set forth above, the Pretrial Order includes facts which could support a cause of action for conversion against National Recovery. The Court therefore finds that National Recovery is a proper party. Because National Recovery and plaintiffs are all Kansas residents, Santander cannot establish diversity jurisdiction, and the Court must remand.

In the alternative, plaintiffs assert that even if the Court has diversity jurisdiction, the Court must remand the case because Santander's removal is untimely under 28 U.S.C. § 1446.

As noted, to remove an action that was not initially removable, Santander must satisfy two time requirements. First, Santander must have filed the notice of removal 30 days of receipt of a pleading, motion, order or "other paper" from which it may first ascertain that the action is removable. See 28 U.S.C.§ 1446(b)(3); see Lowery v. Ala. Power Co., 483 F.3d 1184, 1215 n.63 (11th Cir. 2007) (paper must contain an unambiguous statement that clearly establishes federal jurisdiction). Second, since Santander filed the notice of removal more than one year after plaintiffs commenced the action, it must show that plaintiffs acted in bad faith to prevent removal. See 28 U.S.C. § 1446(c).

Santander asserts that it meets the first time requirement because the case first became removable when the state court entered the Pretrial Order on March 10, 2014, and therefore the notice of removal filed April 3, 2014 was timely. Specifically, Santander asserts that the Pretrial

Order asserts no claims against National Recovery and that the <u>Pretrial Order</u> was thus an order from which it first could ascertain diversity jurisdiction to support removal, therefore triggering the 30-day period to file a notice of removal. <u>See</u> 28 U.S.C. § 1446(b). The Court rejects this argument because, for the reasons stated above, it finds that the <u>Pretrial Order</u> did include claims against National Recovery. The removal was therefore not timely under Section 1446(b).

Even if Santander met the 30-day requirement, it filed the notice of removal more than a year after plaintiffs filed their state court petition on December 20, 2012, so Santander must also show that plaintiffs acted in bad faith to prevent it from removing the action sooner.

In 2011, Congress amended 28 U.S.C. § 1446(c) to specifically allow for a bad faith exception to the one-year limitation on diversity removal, recognizing that without such an exception plaintiffs could intentionally avoid removal of an otherwise removable case. <u>NKD Diversified Enter. v. First Mercury Ins. Co.</u>, No. 1:14-cv-00183-AWI-SAB, 2014 WL 1671659, at *3 (E.D. Ca. Apr. 28, 2014). Although the Tenth Circuit has not addressed the standard in this context, courts generally require a high bar to establish bad faith. <u>See</u> <u>Miera v. Dairyland Ins. Co.</u>, 143 F.3d 1337 (10th Cir. 1998). Here, the Court finds that Santander has failed to demonstrate bad faith by plaintiffs.

Santander asserts that plaintiffs' failure to actively pursue its claims against National Recovery, the non-diverse defendant, demonstrates bad faith. Plaintiffs served National Recovery. National Recovery did not answer or otherwise defend, and plaintiffs state that they intend to seek default judgment against National Recovery. Nothing in the record precludes them from doing so. The Court finds that plaintiffs' failure to pursue default judgment at this stage of the case does not demonstrate bad faith. <u>Cf.</u> <u>Forth v. Diversey Corp.</u>, No. 13-cv-808-A, 2013 WL 6096528, at *3

(W.D.N.Y. Nov. 20, 2103) (finding bad faith where plaintiff dismissed non-diverse defendant one-and-a-half years after filing lawsuit without discovery and offered inconsistent and implausible explanations for failure to dismiss earlier).

Santander also argues that plaintiffs attempted to avoid federal jurisdiction by vacillating on the amount of damages sought.  The timing of notice that the amount in controversy is over $75,000 can support a finding of bad faith.  See Hill v. Allianz Life Ins. Co., No. 6:14-cv-950-Orl-41KRS, 2014 WL 4978555, at *5 (M.D. Fla. Oct. 7, 2014) (bad faith where complaint asserted damages less than $75,000; three months after one-year period, plaintiff filed motion to amend to allege damages over $75,000; plaintiff offered no plausible reason for sudden increase in damages); Brown v. Wal-Mart Stores, Inc., No. 5:13cv00081, 2014 WL 60044, at *2 (W.D. Va. Jan. 7, 2014) (plaintiff's failure to provide information on amount of damages until eight days after one-year period constituted bad faith); Cameron v. Teeberry Logistics, LLC, 920 F. Supp.2d 1309, 1316 (N.D. Ga. 2013) (bad faith where plaintiff did not provide unambiguous notice that amount in controversy was over $75,000 until four days past one-year period).

Santander points out that although plaintiffs' petition of December 20, 2012 sought damages in excess of $75,000, their Rule 118 Response requested only $69,271.98.  Santander asserts that it did not know for certain that plaintiffs sought the jurisdictional amount of more than $75,000 until the Pretrial Order of March 10, 2014, in which plaintiffs sought $74,001.98 plus costs and attorneys fees.  Plaintiffs' Rule 118 statement did not include attorney fees, however, and since the petition specifically pled more than $75,000 in damages, the pleadings regarding the amount in controversy do not support a finding of bad faith.

**II.	Plaintiffs' Request For Attorney Fees**

Plaintiffs ask the Court to order Santander to pay the just costs and actual expenses, including attorney fees, that plaintiffs incurred as a result of the removal.  Under 28 U.S.C. § 1447(c), an order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  Absent unusual circumstances, courts may award costs and attorney fees under Section 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, courts should deny requests for costs and fees.  Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005); Porter Trust v. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1, 607 F.3d 1251, 1253 (10th Cir. 2010).

As a prerequisite to awarding attorney fees and costs under 28 U.S.C. § 1447(c), the Court need not find that defendant removed the state court action in bad faith.  Excell, Inc. v. Sterling Boiler & Mech., Inc., 106 F.3d 318, 322 (10th Cir. 1997).  The propriety of removal is the central issue in deciding whether to allow expenses and costs.  Id.  Section 1447(c) commits the determination whether to award of costs and expenses to the Court's broad discretion.

Here, the Court lacks subject matter jurisdiction and Santander's removal was therefore improper.  Exercising its broad discretion, the Court grants plaintiffs' request for costs and actual expenses.  See McDonald v. BAM, Inc., No. 13-2048-KHV-JPO, 2013 WL 812150, at *3 (D. Kan. March 5, 2013).

**IT IS THEREFORE ORDERED** that plaintiffs' Motion For Remand (Doc. #5) filed April 4, 2014 be and hereby is **SUSTAINED.**  Under 28 U.S.C. § 1447(c), the Court **REMANDS** this action to the District Court of Sedgwick County, Kansas.

**IT IS FURTHER ORDERED** that Santander Consumer, U.S.A., Inc., shall pay to plaintiffs

-11-

the costs and expenses, including attorney fees, incurred as a result of the improper removal.  In that regard, the parties shall follow the procedures set forth in D. Kan. Rule 54.2. On or before December 5, 2014, plaintiffs shall file the requisite stipulation and request for order, or statement of consultation and memorandum in support of their request for fees.

Dated this 21st day of November, 2014 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge